# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GARY ALFORD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. CIV-17-628-HE |
| ) | |
| JERRY CHRISMAN, Warden, ) | |
| ) | |
| Respondent. ) | |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2241 seeking a writ of habeas corpus. This matter has been referred by Chief United States District Joe Heaton for proposed findings and recommendations consistent with 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the action be transferred to the United States District Court for the Eastern District of Oklahoma.

## DISCUSSION

Petitioner is a state prisoner in the custody of the Oklahoma Department of Corrections. He is currently incarcerated at the Jackie Brannon Correctional Center (JBCC), in McAlester, Pittsburg County, Oklahoma. In this action, Petitioner challenges disciplinary hearings at JBCC that resulted in loss of earned credits.

McAlester is located within the territorial jurisdiction of the United States District Court for the Eastern District of Oklahoma. 28 U.S.C. § 116(b). Jurisdiction over this action exists solely in that court. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000) (addressing claim brought by federal prisoner and holding that: "[a] petition under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity and must be

filed in the district where the prisoner is confined") (citation omitted)); *see also Phillips v. Kaiser*, 47 F. App'x 507, 510-11 & n. 4 (10th Cir. 2002) (whether habeas petitioner was challenging the execution of a state or federal sentence, jurisdiction did not exist in district of conviction due to "clear holding that § 2241 petitioner must be filed in the district in which the prisoner is confined"). The jurisdictional defect may be cured by transfer to any court where the action could have been brought at the time it was filed, provided the transfer is in the interest of justice. *See* 28 U.S.C. § 1631; *see also Haugh*, 210 F.3d at 1150. In this instance, transfer of this case to cure the jurisdictional defect is in the interest of justice.

## RECOMMENDATION

It is recommended that the Petition [Doc. No. 1] brought pursuant to 28 U.S.C. § 2241 be transferred to the United States District Court for the Eastern District of Oklahoma.

## NOTICE OF RIGHT TO OBJECT

Petitioner is advised of his right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of this District Court by July 6, 2017. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

The Clerk of this Court is directed to electronically forward a copy of this Report and Recommendation to the Attorney General for the State of Oklahoma on behalf of the Respondents at the following address: fhc.docket@oag.state.ok.us.

**STATUS OF REFERRAL**

This Report and Recommendation disposes of all matters referred by the Chief District Judge in this case and terminates the referral.

ENTERED this 14th day of June, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE